# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 07-CR-0008-CVE** |
| | ) | |
| LESLIE SCHOBE THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is the Motion in Limine (Dkt. # 31) filed by defendant Leslie Schobe

Thompson ("Thompson").  Thompson seeks to exclude certain statements made by him during an

interview conducted by law enforcement officers at the Tulsa Police Department on December 9,

2006.  Defendant argues that these statements should be excluded from trial pursuant to Fed. R.

Crim. P. 11(f) and Fed. R. Evid. 410 as statements made during the course of plea discussions.  Fed.

R. Crim. P. 11(f) states that the admissibility or inadmissibility of a plea discussion is governed by

Fed. R. Evid. 410.  Fed. R. Evid. 410 reads, in pertinent part:

> Except as otherwise provided in this rule, evidence of the following is not, in any
> civil or criminal proceeding, admissible against the defendant who made the plea or
> was a participant in the plea discussions:
>> (1) a plea of guilty which was later withdrawn;
>> (2) a plea of nolo contendere;
>> (3) any statement made in the course of any proceedings under Rule 11 of the
>> Federal Rules of Criminal Procedure or comparable state procedure regarding
>> either of the foregoing pleas; or
>> (4) any statement made in the course of plea discussions with an attorney for
>> the prosecuting authority which do not result in a plea of guilty or which
>> result in a plea of guilty later withdrawn.

For the reasons set forth below, the Court finds that defendant's motion in limine should be denied.

First, it is clear that neither Fed. R. Evid. 410(1) nor (2) apply here.  Defendant did not engage in plea discussions where a plea of guilty was later withdrawn or which led to a plea of nolo contendere.  It follows that Fed. R. Evid. 410(3) does not apply because that section applies only to situations involving a withdrawn guilty plea or a plea of nolo contendere.  Also, defendant's discussion with the detectives at the Tulsa Police Department did not occur in the presence of "an attorney for the prosecuting authority."  Fed. R. Evid. 410(4).  Thus, his statements are not excludable under Fed. R. Evid. 410(4).  Under the plain language of Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, defendant's statements to law enforcement officers are not inadmissible.

In addition, the Court rejects defendant's argument that his discussions with law enforcement officers ought be excluded on the basis of his subjective and reasonable expectation that he was negotiating a plea.  The Tenth Circuit case of United States v. Browning, 252 F.3d 1153 (10th Cir. 2001)[1] is instructive on this point.  In Browning, the court rejected the defendant's argument that his statements to law enforcement officers should have been excluded based on his subjective belief that he had been negotiating a plea with the officers.  The court noted that, even under the broader interpretations of Fed. R. Crim. P. 11(e)(6)(D) by the Ninth and Eights Circuits[2], defendant's

---

[1]  The Court notes that Browning was decided in 2001, before the 2002 Amendment to Fed. R. Crim. P. 11.  At the time of the Browning decision, Fed. R. Crim. P. 11(e)(6)(D) prohibited the admission of "any statement made in the course of plea discussions with an attorney for the government which do not result in a plea of guilty."  Currently, Fed. R. Crim. P. 11(e) does not include any such provision, and Fed. R. Crim. P. 11(f) was amended in 2002 to include the reference to Fed. R. Evid. 410.  Although the language of Rule 11 has changed since Browning, the court's reasoning in that case is relevant.  Here, defendant, like the defendant in Browning, seeks to exclude statements made to law enforcement officers on the ground that he believed that he was negotiating a plea.

[2]  See United States v. Sitton, 968 F.2d 947, 956 (9th Cir. 1992); United States v. Lawrence, 952 F.2d 1034, 1037 (8th Cir. 1992).

statements were admissible because the defendant's conversations occurred with law enforcement officers who did not have the express authority to conduct plea negotiations.   As in <u>Browning</u>, defendant in this case spoke with law enforcement officials who did not have the authority to negotiate plea agreements.   There is no reason to believe that, even expanding the plain language of Fed. R. Evid. 410, defendant's subjective beliefs affect the admissibility of his statements. Further, the Court finds that, as an objective matter, defendant could not have reasonably believed that he engaged in plea negotiations when he was held at the Tulsa Police Department.  As counsel for the United States points out, defendant is not a stranger to the criminal justice system.  He should have known that his statements to the law enforcement officers did not constitute plea negotiations. Therefore, regardless of defendant's subjective beliefs, the Court finds that defendant's motion in limine should be denied.

**IT IS THEREFORE ORDERED** that the Motion in Limine (Dkt. # 31) filed by defendant Leslie Schobe Thompson is hereby **denied**.

**DATED** this 22nd day of February, 2007.

_Claire V. Eag_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT