UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CR-0008-CVE |
| | ) |
| LESLIE SCHOBE THOMPSON, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant Leslie Schobe Thompson's Motion to Dismiss for Violation of the Speedy Trial Act (Dkt. # 29). Defendant argues that, pursuant to 18 U.S.C. § 3162(a)(1) and § 3161(b), the Court should dismiss the Indictment (Dkt. # 9) because the Indictment was not filed within thirty (30) days of his arrest. Section 3161(b) reads:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

According to 18 U.S.C. § 3162(a)(1), "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against the individual contained in such complaint shall be dismissed or otherwise dropped." In the case of dismissal, the Court has discretion to determine whether to dismiss the case with or without prejudice based on the factors in § 3162(a)(1).

The first issue is whether defendant was arrested on December 9, 2006 or December 11, 2006 for purposes of determining commencement of the thirty-day time limit in § 3161(b). Since the Speedy Trial Act applies only to federal prosecutions, it is only a federal arrest, not a state arrest, which will trigger commencement of time limits set in 18 U.S.C. § 3161(b). See, e.g., United States v. Muniz, 1 F.3d 1018, 1024 (10th Cir. 1993); United States v. Allen, 986 F.2d 1354 (10th Cir. 1993); United States v. Iaquinta, 674 F.2d 260 (4th Cir. 1982); United States v. Wilson, 657 F.2d 755 (5th Cir. 1981); United States v. Copley, 774 F.2d 728 (6th Cir. 1985); United States v. Blackmon, 874 F.2d 378 (6th Cir. 1989); United States v. Manuel, 706 F.2d 908 (9th Cir. 1983); United States v. Adams, 694 F.2d 200 (9th Cir. 1982); United States v. Shahryar, 719 F.2d 1522 (11th Cir. 1983). Here, defendant was initially arrested on December 9, 2006, but was arrested on the federal warrant on December 11, 2006.

Defendant argues that the "Speedy Trial Act clock" began to run on December 9, 2006 because the attorney for the United States instructed the case agent to arrest and hold Thompson on federal charges. See Dkt. # 52. He claims to have been "restrained" as a result of federal action on December 9, 2006, even though he was not arrested on the federal warrant until December 11, 2006.[1] Counsel for defendant points to United States v. Woolfolk, 399 F.3d 590, 595 (4th Cir. 2005), where the Fourth Circuit stated that, in limited circumstances, an individual being held by state authorities is under "federal arrest." The Fourth Circuit remarked that a "restraint resulting from federal action, sufficient to trigger the time limits of the Speedy Trial Act, occurs when the

---

[1] The Assistant United States attorney filed a supplemental brief conceding that defendant was booked federally on December 9, 2006. See Dkt. # 54. For the reasons set forth below, the Court finds that both counsel for defendant and counsel for plaintiff are incorrect on this point.

Government has knowledge that an individual is held by state authorities <u>solely</u> to answer to federal charges." <u>Id.</u> at 596 (internal quotations omitted) (emphasis added). Here, however, defendant was arrested on December 9, 2006, in part, on a felony warrant from the Kansas Department of Corrections. Indeed, at the suppression hearing on February 23, 2007, both counsel for defendant and counsel for plaintiff agreed that, given the Kansas arrest warrant, defendant would not have been free to leave custody even if the federal authorities did not plan to bring charges. Thus, contrary to defendant's argument, defendant was not held in state custody solely to answer federal charges. Regardless of the federal involvement prior to December 11, 2006, defendant was not brought into federal custody until December 11, 2006. <u>See</u> Dkt. ## 1, 2; <u>see</u> <u>also</u> <u>United States v. MacDonald</u>, 456 U.S. 1, 10 n.11 (1982) ("an arrest or indictment by one sovereign would not cause the speedy trial guarantees to become engaged as to possible subsequent indictments by another sovereign"); <u>United States v. Seals</u>, 130 F.3d 451 (D.C. Cir. 1997) (arrests accompanied by filing of District of Columbia charges did not start Speedy Trial Act regardless of FBI's involvement in arrests and investigation and the United States Attorney's contemplation of federal charges); <u>United States v. Adams</u>, 694 F.2d 200 (9th Cir. 1982) (regardless of degree of federal involvement in state investigation and arrest, only federal arrest triggers running of time period set forth in Speedy Trial Act); <u>Blackmon</u>, 874 F.2d at 381 (regardless of degree of federal involvement in state investigation and arrest, only federal arrest, which occurs when formal federal charges are filed, initiated running

3

of time limitation established by Speedy Trial Act). Therefore, the Court finds that, defendant's Speedy Trial Act rights attached on December 11, 2006.[2]

From December 11, 2006 through January 8, 2007, no grand jury was in session. However, the Court empaneled the 2007-A Grand Jury on January 9, 2006. Because a grand jury was in session during the thirty-day period after defendant was arrested for federal purposes, the United States did not have an additional thirty days under the second sentence of § 3161(b) to file an indictment against defendant. Absent any excludable time period under § 3161(h), the United States had until January 10, 2007 to file an indictment. The Indictment was not filed until January 12, 2007. Dkt. # 9.

However, the Court finds that the time period between January 11, 2007 and January 14, 2007 should be excluded in calculating the thirty-day period under § 3161(b) because there was an outstanding motion for detention during that time. As noted above, § 3162(a)(1) mandates the dismissal of an indictment if "no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter." (Emphasis added). Section 3161(h)(1)(F) states that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" "shall be excluded in computing the time within which an information or an indictment must be filed." On

---

[2] Even if the Court held that defendant's Speedy Trial Act rights attached on December 9, 2006, the Court would not grant defendant's motion to dismiss. There was no grand jury "in session" between December 5, 2006 and January 9, 2007. The Court finds that the term "in session", as used in § 3161(b), refers to when the grand jury actually meets. Cf. Fed. R. Crim. P. 6(d)(1). From December 9, 2006, the thirty-day period would have expired on January 8, 2007. Therefore, if defendant were arrested (for Speedy Trial Act purposes) on December 9, 2006, the United States would have had an additional thirty days to file an indictment. See § 3161(b). In that case, the Indictment filed on January 12, 2007 clearly would have been within the time limits prescribed by § 3161(b).

December 11, 2006, the United States made an oral motion for detention. See Dkt. # 4 (minute sheet that the United States asked to detain defendant). At that time, pursuant to Court procedures, the United States also filed a written motion for detention hearing. Dkt. # 3. Although the written motion for detention hearing was granted on December 11, 2006 by virtue of the setting of the December 14 detention hearing, see Dkt. # 4, the oral motion for detention was not granted until the magistrate judge ordered defendant to be detained on December 14, 2007. Dkt. # 7. The period between the motion for detention and the granting of that motion should be excluded in calculating the thirty-day period pursuant to § 3161(h)(1)(F). See, e.g., United States v. Wright, 990 F.2d 147, 149 (4th Cir. 1993) (holding that period between the pretrial motion for detention and the resolution of that motion by the court was excludable under § 3161(h)(1)(F)); United States v. Noone, 913 F.2d 20, 24 (1st Cir. 1990) (holding that the pendency of the motion for pretrial detention was excludable § 3161(h)(1)(F)); United States v. Belluccci, 737 F. Supp. 706 (D. Mass. 1990) (same). The fact that the motion for detention was oral does not change the Court's analysis. See Noone, 913 F.2d at 27 n.11 ("We reject [defendant's] formalistic contention that only a written motion can activate the exclusionary provisions of subparagraph (h)(1)(F)"); United States v. Cobb, 697 F.2d 38, 43 (2d Cir. 1982) (term "filing" in § 3161(h)(1)(F) applies to oral motion); United States v. O'Bryant, 775 F.2d 1528, 1532 (11th Cir. 1985); United States v. Richmond, 735 F.2d 208, 212 (6th Cir. 1984) (oral motion for continuance).

Because the United States' motion for detention was not disposed of until December 14, 2007, the Court finds that December 12, 13, and 14, 2006 should be excluded. See United States v. Yunis, 723 F.2d 795, 797 (11th Cir. 1984) (both dates on which an event occurs or a motion is filed and date on which the court disposes of the motion are excluded). When taking into account

these excluded days, the Court finds that the Indictment filed on January 12, 2007 was timely under the Speedy Trial Act. Therefore, defendant's motion to dismiss is denied.

**IT IS THEREFORE ORDERED** that Defendant Leslie Schobe Thompson's Motion to Dismiss for Violation of the Speedy Trial Act (Dkt. # 29) is hereby **denied**.

**DATED** this 23rd day of February, 2007.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT