## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CR-0008-CVE |
| | ) | |
| LESLIE SCHOBE THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Court is in receipt of the Government's Notice of Intention to Adduce Evidence Pursuant to Rule 404(b) (Dkt. # 59). The United States intends to adduce evidence of defendant's alleged use, possession, and sale of narcotics and evidence of defendant's alleged car theft. According to the United States, "these behaviors are intrinsic and intertwined with the instant offense[;] however, out of an abundance of caution, the United States gives this Rule 404(b) notice in case these behaviors are deemed extrinsic." Dkt. # 59, at 1-2. Pursuant to Rule 404(b), the United States argues that the use, possession, and sale of narcotics is offered, in part, to prove defendant's motive in committing three bank robberies. It further argues evidence of stealing motor vehicles "is offered to explain where and how the defendant obtained get-away cars which could not be traced back to him." Dkt. # 59, at 2. Defendant objects to the introduction of such evidence as irrelevant. Dkt. # 63, at 1. Further, he argues that, even if it is admissible under Rule 404(b) or as intrinsic to the crimes charged, the Court should exclude the evidence under Rule 403. Defendant's response, however, addresses only the admission of evidence of defendant's use, possession, and sale of narcotics; it does not address the car theft issue.

## I.

Rule 404(b) does not apply to evidence which is admitted as proof of the charged conduct; it applies only to evidence of acts extrinsic to the charged crime.  United States v. Orr, 864 F.2d 1505, 1510 (10th Cir. 1988).  "'An uncharged act [is not] extrinsic if it was part of the scheme for which a defendant is being prosecuted, or if it was 'inextricably intertwined' with the charged crime such that witness' testimony 'would have been confusing and incomplete without mention of the prior act.'" United States v. DeLuna, 10 F.3d 1529, 1532 (10th Cir. 1993) (quoting United States v. Record, 873 F.2d 1363, 1372 n.5 (10th Cir. 1989)).  For example, an act done in furtherance of an alleged conspiracy is not an "other act" under Rule 404(b); it is part of the conspiracy itself.  See United States v. Molina, 75 F.3d 600, 602 (10th Cir. 1996).

Here, the Court finds that evidence of defendant's stealing getaway vehicles *to perpetrate the armed robberies for which he is charged*[1] is intrinsic or inextricably intertwined with the charged crimes.  Stealing getaway cars was part of the robbery scheme itself. It would be incoherent and incomplete if the jury heard evidence that defendant drove off in cars that he did not own, without mention of the prior theft of the getaway cars.  Thus, stealing the getaway cars does not constitute "other acts" as contemplated by Rule 404(b).

Given that evidence of defendant's alleged theft of getaway cars does not fall within Rule 404(b), the Court applies Rules 401 and 403.  Pursuant to Rule 401, there is no question that this alleged conduct is relevant to the three charged robberies.  Further, there is no question that

---

[1]    Clearly, stealing getaway cars to commit robberies or other crimes not listed in the indictment would constitute "other acts" under Rule 404(b).  Based on the United States' notice of intention, it appears that the United States seeks to admit evidence that defendant stole getaway cars only with respect to the robberies at issue.  The Court relies on representation.

admitting the evidence is prejudicial in that it damages the defendant's position at trial. However, in order for evidence to be inadmissible under Rule 403, the evidence's unfair prejudice must do more than "damage the [d]efendant's position at trial." United States v. Tan, 254 F.3d 1204, 1211-12 (10th Cir. 2001). "[R]elevant evidence of a crime which the government must introduce to prove its case is by its nature detrimental to a defendant who asserts that he is not guilty of the charged offense." Id. Evidence is unfairly prejudicial under Rule 403 if it "makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged." Id. (quoting United States v. Rodriguez, 192 F.3d 946, 951 (10th Cir. 1999) (emphasis by the Tan court). "Exclusion of evidence under Rule 403 that is otherwise admissible under the other rules 'is an extraordinary remedy and should be used sparingly.'" Id. (quoting Rodriguez, 192 F.3d at 949). Here, the Court finds that evidence of defendant's alleged stealing of getaways cars to commit the charged robberies is not unfairly prejudicial. Given that the evidence is highly probative, the prejudicial value does not substantially outweigh the probative value.

While the Court finds that the evidence concerning the getaway cars is inextricably linked to the robberies themselves, it finds that evidence of defendant's use, possession, and sale of narcotics is not intrinsic or inextricably intertwined with the charged offenses. The United States contends that defendant's possession, use, and sale of narcotics is intrinsic because it establishes defendant's motive for the robberies at issue in this case. As discussed at length below, the Court agrees that such evidence is relevant to defendant's motive. However, just because it relates to defendant's motive does not mean that it is intrinsic to the robberies themselves. Unlike stealing getaway cars, defendant's alleged use, possession, or sale of narcotics was not part of the robbery

3

scheme.  On the contrary, it is an "other act" that is offered to show defendant's motive, as

contemplated by Rule 404(b).  Therefore, the Court finds that its admission is  governed by Rule

404(b).

## II.

Fed. R. Evid. 404(b) provides, in pertinent part:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of
a person in order to show action in conformity therewith.  It may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident.[2]

In weighing the admissibility of evidence under Rule 404(b), the Court must consider four factors:

(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative

value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting

instruction is given if the defendant so requests. Huddleston v. United States, 485 U.S. 681, 691

(1988); United States v. Mares, 441 F.3d 1152, 1156 (10th Cir. 2006); United States v. Zamora, 222

F.3d 756, 762 (10th Cir. 2000).  Based on the plain language of Rule 404(b), it is well established

that evidence of other acts is not admissible to prove defendant's propensity to engage in criminal

conduct.  See United States v. Ramirez, 63 F.3d 937, 942 (10th Cir. 1995).

Before turning to an analysis of these four factors, the Court notes that the Tenth Circuit has

not addressed the precise question of whether evidence of drug use, possession, or sale may be

admitted to show motive for a charged bank robbery.  However, it has affirmed the admission of

other act evidence showing motive to rob based on financial need.  In United States v. Pearson, 203

---

[2]     Rule 404(b) also states that "the prosecution in a criminal case shall provide reasonable
notice in advance of trial, or during trial . . . ."  Here, the United States has provided the
requisite notice.

F.3d 1243, 1271-72 (10th Cir. 2000), the Tenth Circuit found that testimony that the defendant supported himself as "hustler" did not violate Rule 404(b), where the testimony was in response to the prosecutor's query as to whether the defendant had a job at the time of robbery.  The prosecutor was trying to elicit a response that would show that the defendant had no steady income, giving him a motive to rob.  Here, according to the United States, the financial need stems not from "hustling" as in <u>Pearson</u>, but from the defendant's alleged personal addiction and desire to purchase narcotics for future sale.

Several other circuits have upheld the admission of prior drug use to show a motive to rob or commit other crimes.  <u>See, e.g.,</u> <u>United States v. Bitterman</u>, 320 F.3d 723, 727 (7th Cir. 2003) (affirming admission of evidence of defendant's heroin use and addiction as relevant to establish his motive to commit robbery); <u>United States v. Brooks</u>, 125 F.3d 484, 499-501 (7th Cir. 1997) (holding that the district court properly admitted evidence that defendants used crack cocaine because "[e]ven though the drug use and the crime at issue [robbery] admittedly are not similar, they have a significant relationship because the act is the motive underlying the crime of bank robbery"); <u>United States v. Miranda</u>, 986 F.2d 1283, 1285 (9th Cir. 1992) (upholding the admission of evidence of defendant's $20 to $30 a day heroin habit to demonstrate motive to rob); <u>United States v. Kadough</u>, 768 F.2d 20 (1st Cir. 1985) (holding that district court properly admitted testimony regarding the defendant's involvement with cocaine to establish motive to commit the crimes charged).  The Court finds the reasoning in these cases persuasive.  While the Court ultimately concludes that evidence of defendant's drug use, possession, and sale should be admitted based on its analysis of the four <u>Huddleston</u> factors, the fact that other circuits have reached the same decision bolsters the Court's finding.

With respect to the first <u>Huddleston</u> factor, evidence is offered for a proper purpose if it is allowed for one or more of the enumerated purposes in Rule 404(b). <u>Mares</u>, 441 F.3d at 1156. Here, as noted above, the United States seeks to offer the evidence of defendant's prior drug use, possession, and sale to show a financial motivation to commit the robberies. Defendant objects to the admission of this evidence because "Mr. Thompson is not on trial for buying, selling or using drugs." Dkt. # 63, at 1. Defendant is correct on this point; however, the United States does not seek to admit the evidence to establish criminal propensity. It seeks to admit this evidence under one of the enumerated purposes set forth in Rule 404(b). As Judge Posner aptly explained,

> "Propensity" evidence and "motive" evidence need not overlap. They do not, for example, when past drug convictions are used to show that the defendant in a robbery case is an addict and his addiction is offered as the motive for the robbery.

<u>United States v. Cunningham</u>, 103 F.3d 553, 556 (7th Cir. 1996).

While the Court finds that evidence of drug use, possession, and sale may establish motive, the Court is mindful of the limits of this argument. The Fourth Circuit's analysis in <u>United States v. Madden</u>, 38 F.3d 747 (4th Cir. 1994), is on point. The Fourth Circuit agreed "with the obvious proposition the drug use or drug addiction may provide a logical motivation to commit bank robbery to generate cash necessary to support the habit." <u>Madden</u>, 38 F.3d at 751. However, it further noted:

> it is not drug use *per se* that supports the underlying inference of financial need that makes the evidence relevant under Rule 401, but rather a demonstration by the government both that the accused has a significant drug habit or addiction and that he did not have the financial means to support it that makes such evidence of drug use relevant to establish motive. Just as a need to buy a pocket radio would not be admitted to establish motive to commit bank robbery, so too we do not believe that evidence of occasional drug use should be admitted; financial need is the key element to establish motive.

<u>Id.</u> at 752. The Court agrees with the Fourth Circuit's reasoning. Evidence of minimal and occasional drug use does not suggest a financial need that would motivate someone to commit

robbery; such evidence would amount to nothing more than "propensity" evidence. Here, according to the United States' brief, defendant admits in his confession that he robbed the banks to get money to buy drugs for his use and for resale. Therefore, it appears that the United States will make the necessary connection between the drug use, possession, and sale and defendant's alleged financial need.

As to the second factor, there is no question that the evidence the United States seeks to admit is relevant as evidence of motive. Although motive is not an element of armed bank robbery, it is nonetheless highly relevant to the prosecution's case-in-chief.

The Court further finds that the prejudicial effect of evidence of defendant's drug use, possession, and sale does not substantially outweigh its probative value (under both the third prong of the Huddleston test and Rule 403), especially when the Court considers adding a limiting instruction. The introduction of such evidence is unlikely to "affect the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged." Tan, F.3d at 1212. Further, any prejudice can be minimized, to some extent, by the Court's inclusion of a limiting instruction. If the defendant so requests, the Court can inform the jury that any evidence concerning defendant's use, possession, and sale of narcotics is admitted solely for the purpose of establishing defendant's motive. See Kadough, 768 F.2d at 22 (noting that a limiting instruction limited the prejudice of admitting drug use testimony in robbery case).

### III.

In summary, the Court finds that evidence concerning defendant's alleged stealing of getaway cars to commit the robberies charged in this case is intrinsic to the crimes charged. Such evidence is **admissible** independent of Rule 404(b). Evidence concerning defendant's alleged use, possession, and sale of narcotics is **admissible to the extent that the United States attempts to show financial need and motive to rob the banks**. In that case, the evidence is properly admitted to show defendant's motive under Rule 404(b). Further, the Court finds that the introduction of evidence of defendant's use, possession, and sale of narcotics would not overly prejudice defendant; therefore it is admissible under Rule 403. The Court will grant a **limiting instruction** with respect to the evidence of defendant's use, possession, and sale of narcotics at defendant's request.

**IT IS THEREFORE ORDERED** this 8th day of March, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8