UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CR-008-CVE |
| ) | |
| LESLIE SCHOBE THOMPSON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

The Court is in receipt of the Brief in Support of Government's Request (Dkt. # 66). At trial, the United States plans to show the jury videotapes of the charged robberies in which the perpetrator wears sunglasses and a sweatshirt. The United States requests that defendant Leslie Schobe Thompson ("Thompson") don sunglasses and a sweatshirt during or close to the showing of the videotapes so that the jury can compare defendant to the person in the tapes. Defendant objects to the United States' request on the ground that requiring defendant to don particular clothing would violate defendant's due process rights. The Court addresses the United States' request with respect to the Fifth Amendment in Section I. It addresses defendant's due process concerns regarding impermissible suggestiveness in Section II.

**I.**

The United States argues, and the Court agrees, that Tenth Circuit law is clear that requiring defendant to don particular clothing at trial does not violate defendant's Fifth Amendment right against self-incrimination. In a 1910 opinion, the Supreme Court noted that "the prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of

physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material." Holt v. United States, 218 U.S. 245, 252-53 (1910). In United States v. Lamb, 575 F.2d 1310 (10th Cir. 1978), the Tenth Circuit relied on Holt and held that the district court's order directing the defendant to shave his beard so that he could be identified as the suspect in the alleged robbery did not violate the defendant's privilege against self-incrimination. It noted:

> The Supreme Court has long maintained that the Fifth Amendment protection extends only to self-incrimination which is testimonial in nature. The privilege does not prevent a defendant from being required to put on a piece of clothing or to put on a stocking mask.

Lamb, 575 F.2d at 1316 (internal citations omitted) (emphasis added).

Since Lamb, the Tenth Circuit has affirmed the notion that a trial court can compel a defendant to don a particular look or otherwise present his body as evidence when it may be material. See United States v. Wilson, 719 F.2d 1491, 1496 (10th Cir. 1983) (requiring defendant to stand, remove his glasses, and face prosecution witnesses for identification purposes did not violate defendant's Fifth Amendment rights); United States v. Delaplane, 778 F.2d 570 (10th Cir. 1985) (requiring a defendant to demonstrate his voice by speaking exact works spoken at the crime does not give rise to a Fifth Amendment violation); Engberg v. Wyoming, 265 F.3d 1109 (10th Cir. 2001) (because defendant had no Fifth Amendment right to refuse to be photographed wearing a stocking cap, his rights were not violated by the admission at trial of his refusal to do so). Based on the clear precedent, the Court finds that requiring defendant to don sunglasses and a sweatshirt for a period of time during the trial would not violate defendant's Fifth Amendment right against self-incrimination.

**II.**

Although he apparently concedes that ordering defendant to don sunglasses and a sweatshirt would not violate his Fifth Amendment right under current law, see Dkt. # 71, at 2, defendant nonetheless objects to such an order on the ground that such identification evidence is impermissibly suggestive and thereby violates defendant's due process rights.

Defendant points to the seminal Supreme Court cases Neil v. Biggers, 409 U.S. 188 (1972), and Manson v. Brathwaite, 432 U.S. 98 (1977), to support his due process argument. However, as the Tenth Circuit has noted, those cases focus on pretrial identifications. See United States v. Robertson, 19 F.3d 1318, 1322 (10th Cir. 1994). Here, there was no pretrial identification; the initial identification would be in-court and by the jury (as opposed to a testifying witness). There are different considerations in the case of an initial in-court identification as compared with an in-court identification that follows an initial pretrial identification. Id. at 1323. Thus, the Court finds that Robertson and United States v. Curtis, 344 F.3d 1057 (10th Cir. 2003), both of which involve initial in-court identifications, are controlling.

In Robertson, the Tenth Circuit upheld the district court's order that the defendant don a cap and dark glasses that had been worn by the bank robber in that case. 19 F.3d at 1323. There, during the trial, a surveillance videotape of the robbery in question was played in a manner that the jury could see both the defendant and the videotape. The eyewitness first saw defendant without the cap and glasses, and then the items were donned in front of the witness and the jury. The eyewitness was then asked to make an in-court identification. Id. at 1322. The court found that the identification procedure was not unduly suggestive and did not create a substantial likelihood of misidentification. Id. at 1323. Likewise, in Curtis, the court held that the trial court's order that,

after two witnesses had testified that the perpetrator of the robberies was a black man with a gap in his teeth, defendant show his gapped teeth to the jury was not unduly suggestive. The court further held that the fact that defendant was the only black person in the courtroom was not unconstitutionally suggestive. Id. at 1063.

The Court finds that, as in Robertson and Curtis, requiring defendant to don particular clothing so that the jury can make an initial in-court identification would not violate his due process rights. This in-court identification procedure simply allows the jury to make its own comparison between the perpetrator in the videotapes and defendant's appearance. Further, while identity is a key issue in this case, defendant's guilt or innocence does not rest entirely upon the in-court identification. The United States has indicated that it has other evidence – including a confession – that link defendant with the charged crimes.

While the in-court identification procedure requested by the United States does not violate defendant's due process rights, "there can be little doubt that the initial in-court identification is suggestive." Robertson, 19 F.3d at 1323 (quoting United States v. Domina, 784 F.3d 1361, 1368 (9th Cir. 1986)). Requiring defendant to appear before the jury in sunglasses and a sweatshirt is suggestive, particularly if defendant is the only person wearing such apparel within the purview of the jury. The suggestiveness of the procedure is also heightened by the fact that defendant may be the only or one of the few black persons in the courtroom. While there is no constitutional entitlement to an in-court line-up or a particular method of lessening the suggestiveness of in-court identification, the Court has discretion to utilize such procedures. Curtis, 344 F.3d at 1063. In exercising its discretion, the Court will allow defendant to show the jury pictures of other black men of similar stature to defendant donning the sunglasses and sweatshirt, or to use an in-court line-up

consisting of other black men donning similar glasses and sweatshirts. Further, the Court will give a cautionary instruction to the jury concerning the identification procedure. Such methods will minimize the chance that the jury will misidentify defendant as the perpetrator of the charged robberies.

**IT IS SO ORDERED** this 15th day of March, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT